**Opinion issued July 5, 2012**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-10-00984-CR

————————————

**BALDOMERO DELA ROSA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 178th District Court**
**Harris County, Texas**
**Trial Court Case No. 1253939**

## MEMORANDUM OPINION

Appellant, Baldomero Dela Rosa, pleaded guilty, without an agreed recommendation on punishment, to the first degree felony offense of "super"

aggravated sexual assault of a child under the age of fourteen.[1]  The trial court accepted appellant's guilty plea and assessed punishment at thirty years' confinement.  The trial court certified that this was not a plea bargain case and that appellant had the right to appeal.  Appellant timely filed a notice of appeal.

Appellant's court-appointed appellate counsel has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and that, therefore, the appeal is frivolous.  *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).  We grant counsel's motion to withdraw and affirm the judgment of the trial court.

An attorney has an ethical obligation to refuse to prosecute a frivolous appeal.  *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).  If an appointed attorney finds a case to be wholly frivolous, her obligation to her client is to seek leave to withdraw.  *Id.*  Counsel's obligation to the appellate court is to assure it, through an *Anders* brief, that, after a complete review of the record, the request to withdraw is well-founded.  *Id.*

We may not grant the motion to withdraw until:

(1)    the attorney has sent a copy of her *Anders* brief to her client, along with a letter explaining that the defendant has the right to

---

[1]    *See* TEX. PENAL CODE ANN. §§ 22.021(a)(1)(B)(iii), (a)(2)(A)(ii), (f)(2) (Vernon Supp. 2011) (providing that minimum term of imprisonment is twenty-five years if victim is under fourteen at time of offense and defendant commits aggravated sexual assault and "by acts or words places the victim in fear that . . . death, serious bodily injury, or kidnapping will be imminently inflicted on any person").

2

file a pro se brief within thirty days, and she has ensured that her client has, at some point, been informed of his right to file a pro se petition for discretionary review;

(2)    the attorney has informed us that she has performed the above duties;

(3)    the defendant has had time in which to file a pro se response; and

(4)    we have reviewed the record, the *Anders* brief, and any pro se brief.

*See id.* at 408–09.  If we agree that the appeal is wholly frivolous, we will grant the attorney's motion to withdraw and affirm the judgment of the trial court.  *See Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009).  If we conclude that arguable grounds for appeal exist, we will grant the motion to withdraw, abate the case, and remand it to the trial court to appoint new counsel to file a brief on the merits.  *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record.  *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978).  Counsel supplies us with references to the record and provides us with citation to legal authorities.  Counsel indicates that she has thoroughly reviewed the record and that she is unable to advance any grounds of error that warrant reversal.  *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 154 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

3

We have independently reviewed the entire record, and we conclude that no reversible error exists, that there are no arguable grounds for review, and that, therefore, the appeal is frivolous. *See Garner*, 300 S.W.3d at 767 (explaining that frivolity is determined by considering whether there are "arguable grounds" for review); *Schulman*, 252 S.W.3d at 407 n.12 (explaining that appeal is frivolous when it does not present any argument that could "conceivably persuade the court"); *Bledsoe*, 178 S.W.3d at 826–27 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous). Although we may issue an opinion explaining why an appeal lacks arguable merit, we are not required to do so. *See Garner*, 300 S.W.3d at 767. An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We grant counsel's motion to withdraw[2] and affirm the judgment of the trial court. Attorney Dionne S. Press must immediately send the notice required by Texas Rule of Appellate Procedure 6.5(c) and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

---

[2] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Court of Criminal Appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005); *Stephens v. State*, 35 S.W.3d 770, 771–72 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (per curiam).

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Jennings and Keyes.

Do Not Publish.   TEX. R. APP. P. 47.2(b).